# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-178V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                               *
GARRELL NOAH,                                  *
                                               *    Filed: July 23, 2014
                     Petitioner,               *
                                               *
              v.                               *
                                               *
                                               *    Decision by Stipulation; Damages;
SECRETARY OF HEALTH                            *    Influenza (Flu) Vaccine; Guillain-Barré
AND HUMAN SERVICES,                            *    Syndrome (GBS)
                                               *
                     Respondent.               *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Isaiah R. Kalinowski*, Maglio, Christopher & Toale, Washington, DC, for Petitioner.

*Althea W. Davis*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 8, 2013, Petitioner Garrell Noah filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") vaccination.

Respondent denies that Petitioner's GBS or any other injury were caused by the receipt of the flu vaccine. Nonetheless both parties, while maintaining their above-stated positions, agreed

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

in a stipulation filed July 23, 2014, that the issues before them can be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a) A lump sum of $150,000.00, in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing notice(s) renouncing their right to seek review.